[692 NYS2d 434]

In the Matter of STEVEN S. GLASER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 21, 1999

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

*Henry Putzel, III,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was served with a petition containing one charge of professional misconduct. After a hearing on the issue of mitigation, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems necessary and proper. The respondent cross-moves to confirm the Special Referee's report and to take his interim suspension into consideration when imposing an appropriate sanction.

Charge One alleged that the respondent was convicted of a crime in the United States District Court for the Eastern District of New York.

On September 5, 1997, the respondent was convicted, upon his plea of guilty, of a single count of conspiracy to commit mail fraud, in violation of 18 USC § 371. He was sentenced by the Honorable Leonard D. Wexler to a term of six months incarceration, three years supervised release, and a directive to pay any unpaid fines at the commencement of the supervised release.

The respondent knew or should have known that, in committing the aforesaid acts, he was guilty of professional misconduct within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.2.

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion and the respondent's cross motion to confirm the Special Referee's report are granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigation submitted by the respondent, including his previously unblemished record, his expressed remorse, his acknowledgment of total responsibility for the criminal conduct, the absence of personal benefit, the restitution agreement entered into, and the character references submitted. Nevertheless, the respondent is guilty of knowingly permitting a representative to submit an inflated insurance claim on behalf of his company and in accepting the insurance proceeds. Under the totality of circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm the Special Referee's report are granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven S. Glaser, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Steven S. Glaser is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.